**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANTONIO HOLLOWAY, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)   CASE NO. _____ |
|              Plaintiff, | )<br>)   **JURY TRIAL DEMANDED** |
|    v. | )<br>) |
| PLANET FITNESS FRANCHISING LLC, a Delaware limited liability company; ALDER PARTNERS LLC, a Delaware limited liability company; and PF JONESBORO, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) |
|              Defendants. | )<br>) |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Antonio Holloway ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendants Planet Fitness Franchising LLC, Alder Partners LLC, and PF Jonesboro, LLC (collectively, "Defendants") based on personal knowledge as to his own experience, on information and belief, and on investigation of counsel as to all other matters.

1

## NATURE OF THE ACTION

1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendants for unlawfully charging Plaintiff and Class members monthly fitness center membership fees after Defendants' facilities were already closed due to the COVID-19 pandemic.

2.      Rather than providing adequate customer service to address these wrongful charges, Defendants have hidden behind a single, inaccurate statement on their website regarding the charges and have redirected all billing inquiries, both via online chat and telephone, to a telephone number that indicates Defendants are closed for business. Thus, Defendants have even prevented Plaintiff and Class members with a method to inquire about and/or dispute these charges.

3.      By debiting these post-closure charges, Defendants breached its agreements with Plaintiff and Class members, who suffered monetary losses in the monthly amounts charged. Plaintiff and Class Members seek to recover damages caused by Defendants' breaches of contract, violations of Georgia's consumer protection statutes, and unjust enrichment.

## PARTIES

4.      Plaintiff is a resident and citizen of DeKalb County, Georgia. On or about January 8, 2015, Plaintiff entered into a "Black Card Reciprocal Access" membership agreement with Defendants for unlimited access to any of their fitness centers for $19.99 per month. Plaintiff's membership has been month-to-month since early 2016. During the first week of March 2020, Defendants closed the Planet Fitness located in Stone Mountain, Georgia, the fitness center Plaintiff regularly utilized, due to the COVID-19 pandemic. On March 18, 2020, Defendants nonetheless debited the full $19.99 monthly fee from Plaintiff's bank account. When Plaintiff attempted to contact Defendants, both via telephone and online chat, all of his inquiries were redirected to a telephone number that simply states Defendants "are closed," with no option to leave a message, request a refund, or visit a fitness center to seek a refund for the wrongfully debited charges. As a result of Defendants' conduct, Plaintiff has been injured in the amount charged since Defendants' fitness centers have closed.

5.      Defendant Planet Fitness Franchising LLC is a Delaware limited liability company that maintains its headquarters in Hampton, New Hampshire, and

is the national franchisor and operator Planet Fitness, one of the largest fitness club franchises in the United States, with nearly 2,000 fitness centers nationwide.

6.     Defendant Alder Partners LLC is a Delaware limited liability company that maintains its headquarters in Middleton, Massachusetts, and is the Planet Fitness franchisee at which Plaintiff maintains his membership.

7.     Defendant PF Jonesboro, LLC is a Delaware limited liability company that maintains its headquarters in Jonesboro, Georgia, and is the Planet Fitness franchisee at which Plaintiff began his membership.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A). This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over Defendants because they are registered to conduct business within Georgia and/or each have sufficient minimum contacts with the state of Georgia, including operating fitness centers within this

district. Defendants intentionally avail themselves of clients, consumers, and markets within the state of Georgia through the promotion, marketing, and sale of their fitness centers and membership services.

10.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because, as noted above, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## FACTUAL ALLEGATIONS

11.     Defendants own and operate approximately 1,900 fitness centers throughout the United States, making Planet Fitness one of the largest fitness franchises in the country.

12.     As part of their "Black Card" membership, Defendants promise unlimited access to their fitness centers at any franchise location. Further, Defendants warrant through advertising at Planet Fitness locations and via other forms of media that members have unlimited to access to Planet Fitness facilities nationwide.

13.     Starting in early March 2020, Defendants began quietly closing all of its fitness center locations indefinitely, ultimately shuttering all locations nationwide by the end of that month.

14.    On the Planet Fitness website, Defendants asserted that no members would be charged membership fees for time periods when their fitness centers were closed, while admitting that "some of our members [were] billed shortly before we closed." *See* Planet Fitness COVID-19 FAQ at https://www.planetfitness.com/coronavirus-faq. Rather than offering a means to recoup any wrongfully billed charges that occurred after closure dates, Defendants admits its plan to retain those funds until some future opening date, indicating "We will make an adjustment on your next billing cycle when we reopen." *Id.*

15.    Plaintiff charged two weeks after his local Planet Fitness facility has closed, and his attempts to contact Defendants online and via telephone were all directed to an automated telephone message that Defendants were closed until further notice, without any option to inquire about or seek a refund for his March membership charge.

16.    Upon information and belief, Plaintiff alleges that many other Planet Fitness members suffered the same post-closure charges and faced the same obstacles to reaching Defendants to request a refund. *See, e.g.*, Spencer Jakab, *This Gym Chain Has Reason to Sweat: Budget gym chain Planet Fitness says it was too late to call off plans to charge customers for March, and customers can cancel their*

*memberships by visiting its locations—which are closed*, The Wall Street Journal, Mar. 23, 2020, https://www.wsj.com/articles/this-gym-chain-has-reason-to-sweat-11584986375; Thornton McEnery, *Planet Fitness members outraged over March bill amid coronavirus closures*, NEW YORK POST, Mar. 19, 2020, https://nypost.com/2020/03/19/planet-fitness-members-outraged-over-march-bill-amid-coronavirus-closures/.

## CLASS ALLEGATIONS

17.    Plaintiff brings this action individually and on behalf of the following classes and subclass (collectively "Class" or "Classes") pursuant to Fed. R. Civ. P. 23:

**National Class**

All persons in the United States who were charged membership fees by Defendants after their fitness centers were closed due to the COVID-19 virus.

18.    In the alternative to the National Class, Plaintiff brings this action individually and on behalf of the following state subclass:

**Georgia Class**

All persons in Georgia who were charged membership fees by Defendants after their fitness centers were closed due to the COVID-19 virus.

7

19.    Excluded from the Classes are Defendants, their affiliates, officers, directors, assigns, successors, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the definitions of the Classes based on discovery and further investigation.

20.    **Numerosity**: While the precise number of Class Members has not yet been determined, members of the Classes are so numerous that their individual joinder is impracticable, as the proposed Classes appear to include millions of members who are geographically dispersed. Upon information and belief, Defendants have millions of members across the United States.

21.    **Typicality**: Plaintiff's claims are typical of Class Members' claims. Plaintiff and all Class Members were injured through Defendants' uniform misconduct. The same event and conduct that gave rise to Plaintiff's claims are identical to those that give rise to the claims of every other Class Member because Plaintiff and each Class Member was wrongfully charged membership fees in the same way by the same conduct by Defendants.

22.    **Adequacy**: Plaintiff is an adequate representatives of the Classes because Plaintiff's interests do not conflict with the interests of the Classes that he seeks to represent; Plaintiff has retained counsel that are competent and highly

experienced in class action litigation; and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

23.     **Superiority**: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and the Class Members. The injury suffered by each individual Class Member, one month of gym membership, is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult if not impossible for Class Members individually to effectively redress Defendants' wrongdoing. Even if Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

24.     **Existence and Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to Plaintiff and all Class Members.

These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

- whether Defendants engaged in the wrongful conduct alleged herein;

- whether Defendants violated state laws in charging the March 2020 membership fees without permitting fitness center access;

- whether Defendants breached its contracts with Plaintiff and Class members by charging the March 2020 membership fees without permitting fitness center access;

- whether Defendants breached its express warranty with Plaintiff and Class members by charging the March 2020 membership fees without permitting fitness center access;

- whether Defendants negligently misrepresented unlimited access to their fitness centers while continuing to charge Plaintiff and Class members after closure;

- whether Defendants fraudulently misrepresented unlimited access to their fitness centers while continuing to charge Plaintiff and Class members after closure;

10

- whether Defendants have been unjustly enriched by retaining March 2020 membership fees from Plaintiff and Class members despite closing its facilities in March; and

- whether Plaintiff and Class members are entitled to recover damages, equitable relief, and other relief, and the extent of the remedies that should be afforded to Plaintiff and Class Members.

25.     Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members, thereby making appropriate final injunctive relief and declaratory relief with respect to the Classes as a whole.

26.     Given that Defendants have engaged in a common course of conduct as to Plaintiff and the Class Members, similar or identical injuries and common law and statutory violations are involved, and common questions outweigh any potential individual questions.

27.     The Classes are defined in terms of objective characteristics and common transactional facts; namely, the exposure of sensitive Personal Information to cyber criminals due to Defendants' failure to protect this information, adequately warn the Classes that adequate data security measures were not in place, and failure to adequately warn of the Data Breach. Class membership will be readily

11

ascertainable from Defendants' business records, and/or from records of third parties.

## COUNT I
## BREACH OF CONTRACT

28.    Plaintiff hereby incorporates all previous allegations.

29.    Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

30.    Defendants entered into contracts with Plaintiff and Class members to provide access to fitness centers in exchange for the payment of membership fees. Defendants breached these contracts by charging and retaining Plaintiff's and Class members' full membership fees while all of its fitness centers are closed. Plaintiff and Class members have suffered an injury, in an amount to be proven at trial, through the payment of membership fees while not having access to Defendants' fitness centers.

## COUNT II
## BREACH OF EXPRESS WARRANTY

31.    Plaintiff hereby incorporates all previous allegations.

32.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

33.     In connection with the sale of their fitness center memberships, Defendants issues an express warranty that Plaintiff and Class Members would have unlimited access to all fitness center locations.

34.     Defendants' affirmation of fact and promise in Defendants' marketing and signage became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact and promise.

35.     Defendants breached their express warranty because Defendants are not providing unlimited access to all fitness center locations, instead charging and retaining the full amount of its monthly membership fees while all of its fitness centers are closed.

36.     Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased or paid for Defendants' fitness center memberships absent Defendants' representations and

omission of a warning that it would retain all membership fees while fitness centers nationwide are closed; (b) they would not have purchased fitness center memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' "Black Card" membership based on Defendants' misrepresentations and omissions; and (d) Defendants' fitness center memberships did not have the characteristics, benefits, or quantities as promised.

### COUNT III
### NEGLIGENT MISREPRESENTATION

37.     Plaintiff hereby incorporates all previous allegations.

38.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

39.     Defendants misrepresented that Plaintiff and Class members would have unlimited access to all fitness center locations, when in fact Defendants are not providing unlimited access and instead charging and retaining the full amount of its monthly membership fees while all of its fitness centers are closed.

40.    At the time Defendants made these representations, Defendant knew or should have known these representations were false or made them without adequate knowledge of their veracity.

41.    Defendants thus negligently misrepresented and/or omitted material facts about its fitness center memberships and services.

42.    The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class Members reasonably relied, were intended to induce and actually did induce Plaintiff and Class Members to purchase Defendants' fitness center memberships.

43.    Plaintiff and Class Members would not have purchased Defendants' fitness center memberships or would not have purchased the memberships on the same terms if they had known the truth about Defendants' misrepresentations and omissions.

44.    Accordingly, Plaintiffs and Class Members have been injured as a result of Defendants' negligent misrepresentations and omissions and are entitled to damages and/or restitution in an amount to be proven at trial.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

45.    Plaintiff hereby incorporates all previous allegations.

15

46.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

47.     Defendants knowingly misrepresented that Plaintiff and Class members would have unlimited access to all fitness center locations, when in fact Defendants are not providing unlimited access and instead charging and retaining the full amount of its monthly membership fees while all of its fitness centers are closed.

48.     Defendants thus intentionally misrepresented and/or omitted material facts about its fitness center memberships and services.

49.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class Members reasonably relied, were intended to induce and actually did induce Plaintiff and Class Members to purchase Defendants' fitness center memberships.

50.     Plaintiff and Class Members would not have purchased Defendants' fitness center memberships or would not have purchased the memberships on the same terms if they had known the truth about Defendants' misrepresentations and omissions.

51.     Accordingly, Plaintiffs and Class Members have been injured as a result of Defendants' fraudulent misrepresentations and omissions and are entitled to damages and/or restitution in an amount to be proven at trial.

**COUNT V**
**VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT, Ga. Code Ann. § 10-1-370, *et seq.* and § 10-1-390, *et seq.***

52.     Plaintiff hereby incorporates all previous allegations.

53.     Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

*54.*     Defendants' actions and/or omissions as described herein violated the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq.* and § 10-1-390, *et seq.* ("UDTPA"), which was enacted to protect the consumer public from those who engage in unconscionable, deceptive, or unfair acts or practices in the conduct of any business, trade, or commerce.

55.     Specifically, Defendants knowingly misrepresented and intentionally omitted material information regarding its fitness center memberships by failing to disclose the potential for closures and continuing to charge membership fees after nationwide closures.

56.     Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and use of Defendants' fitness center membership services in violated of the UDTPA.

57.     Defendants' violation of the UDTPA is continuing, with no indication that Defendants will cease.

58.     As a direct and proximate result of Defendants' UDTPA violations, Plaintiff and Class Members have suffered and will continue to suffer ascertainable damages and are entitled to all appropriate relief, including but not limited to damages, costs, and attorneys' fees.

## COUNT VI
## UNJUST ENRICHMENT

59.     Plaintiff hereby incorporates all previous allegations.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed Georgia Subclass against Defendants.

61.    Plaintiff and Class Members conferred a monetary benefit upon Defendants in the form of membership fees Defendants collected for unlimited fitness center access.

62.    Defendants appreciated and had knowledge of the benefits conferred upon them by Plaintiff and Class Members.

63.    Defendants failed to provide unlimited fitness center access in exchange for the membership fees it collected from Plaintiff and Class Members.

64.    As a result of Defendants' conduct, Plaintiff and Class Members suffered actual damages in an amount equal to all membership fees paid for the time period Defendants' fitness centers were actually closed.

65.    Under principals of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and Class Members because Defendants continued to collect membership fees after closure of their fitness centers.

66.    Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it as a result of the conduct alleged herein.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, respectfully requests that the Court grant the following relief:

A.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), and, pursuant to Fed. R. Civ. P. 23(g), appoint Plaintiff as Class representative and his counsel as Class counsel.

B.     Award Plaintiff and the Class appropriate monetary relief, including actual damages, statutory damages, punitive damages, restitution, and disgorgement.

C.     Award Plaintiff and the Class equitable, injunctive, and declaratory relief as may be appropriate. Plaintiff, on behalf of the Class, seeks appropriate injunctive relief designed to, *inter alia*, ensure against the recurrence of membership charges while Defendants' fitness centers remain closed.

D.     Award Plaintiff and the Class pre-judgment and post-judgment interest to the maximum extent allowable.

E.     Award Plaintiff and the Class reasonable attorneys' fees and costs as allowable.

F.     Award Plaintiff and the Class such other favorable relief as allowable under law or at equity.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury for all claims so triable.

Dated: April 30, 2020    Respectfully submitted,

             s/ Andrea S. Hirsch
           Andrea S. Hirsch (GA Bar No. 666557)
           **THE HIRSCH LAW FIRM**
           230 Peachtree Street, Suite 2260
           Atlanta, Georgia 30303
           Telephone: 404-487-6552
           Facsimile: 678-541-9356
           andrea@thehirschlawfirm.com

           Tina Wolfson (CA Bar No. 174806)*
           **AHDOOT & WOLFSON, PC**
           10728 Lindbrook Drive
           Los Angeles, California 90024
           Tel: 310-474-9111
           Fax: 310-474-8585
           Email: twolfson@ahdootwolfson.com
            * *Pro hac vice* application forthcoming

           *Counsel for Plaintiff and the Putative*
           *Classes*